IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JIM D. HADDOX                                                                                                     PLAINTIFF

v.                                              Civil No. 6:21-CV-06138-SOH-MEF

NURSE PRACTITIONER DARRELL ELKINS
and JAIL ADMINISTRATOR SARA HANEY                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders, failure to obey Local Rule 5.5(c)(2), and failure to prosecute this case. Also before the Court are Defendants' two Motions to Dismiss. (ECF Nos. 20, 25).

### I.     BACKGROUND

Plaintiff filed his Complaint on October 18, 2021. (ECF No. 1). In both the provisional filing Order and the subsequent order granting him *in forma pauperis* ("IFP") status, Plaintiff was advised that he must immediately advise the Court of any address change, or his case would be subject to dismissal. (ECF Nos. 2, 8). These Orders were not returned as undeliverable.

On May 16, 2022, Defendants filed a Motion to Dismiss stating that mail sent to Plaintiff had been returned undeliverable, indicating that he had been paroled, and the Arkansas Division of Correction was unable to forward his mail. (ECF Nos. 20, 21, 22). On May 17, 2022, the Court entered an Order directing Plaintiff to provide his current address to the Court by June 16, 2022, or his case would be dismissed. (ECF No. 23). This Order was returned as undeliverable on May

1

31, 2022. (ECF No. 24). Defendants filed their Second Motion to Dismiss on July 26, 2022. (ECF Nos. 25, 26). Mail sent to Plaintiff was again returned as undeliverable on August 17, 2022. (ECF No. 28).

To date, Plaintiff has failed to provide the Court with his current address, and has not otherwise communicated with the Court.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to

prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is recommended that Defendants' Motions to Dismiss (ECF Nos. 20, 25) be GRANTED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE